UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:19cr179 (JBA) |
|---|---|
| v. | |
| LATRICE COLVIN | April 2, 2020 |

**RULING GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Latrice Colvin moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Emerg. Mot. for Compassionate Release [Doc. # 30].) The Government opposes. (Gov't Opp. [Doc. # 32].) The Court heard oral argument on this motion via teleconference on April 2, 2020. For the reasons that follow, Defendant's motion is granted.

**I. Background**

Defendant was convicted by guilty plea of one count of mail fraud in violation of 18 U.S.C. § 1341. (Am. J. [Doc. # 29].) She was sentenced to a term of imprisonment of 30 days, followed by two years of supervised release, the first seven months of which shall be served in home detention. (*Id.*) Defendant self-surrendered to the BOP at its at FDC Philadelphia facility on March 16, 2020, leaving approximately eleven days of imprisonment remaining in her sentence as of the date of this ruling. (Emerg. Mot. at 2.)

Defendant suffers from Type II Diabetes. (Medical Records [Doc. # 35].) When not incarcerated, Defendant sees "medical professionals at Bridgeport Hospital who have treated her for her diabetes and high blood pressure, have seen her through a difficult pregnancy, and have performed surgery on her back," and thus "know her and can properly care for her." (Emerg. Mot. at 7.)

Although "COVID-19 is a new disease[,] . . . based on currently available information and clinical expertise," the Centers for Disease Control and Prevention list "[p]eople with diabetes" among the groups of "[p]eople who are at higher risk for severe illness" from COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WHO ARE AT HIGHER RISK FOR

1

SEVERE ILLNESS ("CDC Guidance"), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Apr. 2, 2020).

On March 27, 2020, Defendant "filed an administrative relief request with the Warden [of] FDC Philadelphia seeking compassionate release on the same grounds as" argued in her motion for compassionate release. (Emerg. Mot. at 1 n.1) She has not yet received any response to that request.

## II. Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus there are two questions before the Court: first, whether Defendant should be excused from her administrative exhaustion requirement, and second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction.

### A. Exhaustion Requirement

Section 3582(c)(1)(A) plainly imposes an exhaustion requirement which must be satisfied before a defendant may move the court for release. Defendant asks the Court to waive that requirement, arguing that it would be futile for her to seek to exhaust her administrative remedies or wait thirty days. (Emerg. Mot. at 1 n.1.) The Government argues that the Court must not consider Defendant's request because she has not satisfied the exhaustion requirement but fails to convincingly address the merits of Defendant's request for a waiver of that requirement.

"Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute." *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). There are generally three bases for waiver of an exhaustion requirement. *See United States v. Perez*, No. 17cr513-3(AT), ECF No. 98 at 3-4 (S.D.N.Y. Apr. 1, 2020) (discussing exceptions to statutory exhaustion in context of motion for compassionate release during COVID-19 pandemic).

"First, exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." *Washington*, 925 F.3d at 118. "[U]ndue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile." *Id.* at 120. Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief," including situations where "the relief the agency might provide could, because of undue delay, become inadequate." Id. at 119-20. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." Id. at 119

The Court concludes that all three exceptions to the exhaustion requirement apply to Defendant's request. First, if Defendant contracts COVID-19 before her appeals are exhausted, that undue delay might cause her to endure precisely the "catastrophic health consequences" she now seeks to avoid. *See* CDC Guidance. Second, given the brief duration of Defendant's remaining term of imprisonment, the exhaustion requirement likely renders BOP incapable of granting adequate relief, as her sentence will likely already have expired by the time her appeals are exhausted and would certainly already have expired by the time the thirty-day waiting period ends. Third, Defendant would be subjected to undue prejudice—the heightened risk of severe illness—while attempting to exhaust her appeals.

Thus, in light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the Court waives the exhaustion requirement of Section 3582(c)(1)(A). *See Perez,* No. 17cr513-3(AT), ECF No. 98 at 4 (waiving exhaustion

requirement for sentence ending approximately three weeks after defendant's request to BOP); *United States v. Powell*, No. 1:94-cr-316(ESH), ECF No. 98 (D.D.C. Mar. 28, 2020) (finding administrative exhaustion futile, waiving § 3582(c)(1)(A)'s exhaustion requirement, and granting motion for compassionate release in light of COVID-19 pandemic and defendant's underlying health issues).

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Defendant argues that there are extraordinary and compelling reasons justifying her release because she "is at significant risk of contracting and developing severe complications from an exposure to COVID-19 due to her diabetes and high blood pressure." (Emerg. Mot.

4

at 1.) Thus, Defendant argues, release is warranted to avoid confinement in a "densely populated prison" where it will "inevitably [be] . . . more difficult to engage in the social distancing that will be critical to her health" during the COVID-19 pandemic. (*Id.* at 3.) Defendant asserts that "medical care is limited in federal pretrial detention centers," but if granted compassionate release, she would have "access to medical professionals at Bridgeport Hospital who have treated her for her diabetes and high blood pressure, have seen her through a difficult pregnancy, and have performed surgery on her back," and thus "know her and can properly care for her." (*Id.* at 7.)

The Government argues that Defendant has failed to demonstrate extraordinary and compelling reasons for her release because she "has not described any particular vulnerability to COVID-19 or explained any deficiency in the BOP's response to this public health situation." (Gov't Opp. at 3.) The Government clarified its position during the Court's teleconference with the parties, explaining that because Defendant's diabetes appears to be under control, the risk she faces while incarcerated is insufficient to justify her release. But contrary to the Government's suggestion, Defendant did describe a "particular vulnerability to COVID-19," (*id.*), when she explained that she "is particularly vulnerable to COVID-19 due to her diabetes and high blood pressure," putting her "at greater risk of complications," (Emerg. Mot. at 3). The CDC Guidance confirms Defendant's position, stating plainly that "[p]ersons with diabetes" face a "higher risk for severe illness" if they contract COVID-19. Moreover, the Bureau of Prisons itself has acknowledged that home confinement may be appropriate for certain "at-risk inmates" in order "to protect the health and safety of . . . people in our custody." (Ex. 1 (BOP Memo) to Emerg. Mot. [Doc. # 30-1] at 1.) Like Defendant, the BOP intends to rely upon "CDC guidance" to "make an assessment of the inmate's risk factors for severe COVID-19 illness." (*Id.* at 2.)

Thus the Court concludes that Defendant has demonstrated extraordinary and compelling reasons justifying her immediate release under Section 3582(c)(1)(A) and

U.S.S.G. § 1B1.13. She has diabetes, a "serious . . . medical condition," which substantially increases her risk of severe illness if she contracts COVID-19. *See United States v. Rodriguez,* No. 2:03-cr-271, Doc. # 135 at 2 (E.D.P.A. Apr. 1, 2020) (granting compassionate release because for a diabetic inmate, "nothing could be more extraordinary and compelling than this pandemic"). Defendant is "unable to provide self-care within the environment of" FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and if she did develop complications, she would be unable to access her team of doctors at Bridgeport Hospital.

In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the Court concludes that the risks faced by Defendant will be minimized by her immediate release to home, where she will quarantine herself. Continued exposure to the large population of FDC Philadelphia over the coming weeks would impose upon Defendant additional, unnecessary health risks which can be minimized by her early release.

Separately, the Court concludes that Defendant is not a danger to the safety of any other person or to the community, and the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of her release.

**III. Conclusion**

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release [Doc. # 30] is GRANTED. Defendant's previously imposed sentence of 30 days imprisonment is reduced to time served, and she shall be immediately released from BOP custody. Upon her release, Defendant shall be subject to the additional conditions imposed in the Court's Order of Release, ([Doc. # 37]). All other aspects of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of April 2020.